**JUDGE HELLERSTEIN**

**08 CV 6322**

377-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
PHOENIX SHIPPING CORPORATION
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)

RECEIVED JUL 14 2008 U.S.D.C. S.D.N.Y. CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHOENIX SHIPPING CORPORATION,

     Plaintiff,

-against-

BATEMAN ENGINEERED TECHNOLOGIES,

     Defendant.

---

08 Civ _____ (_____)

**VERIFIED COMPLAINT**

Plaintiff PHOENIX SHIPPING CORPORATION (hereinafter "PHOENIX"), for its Verified Complaint against Defendant BATEMAN ENGINEERED TECHNOLOGIES (hereinafter "BATEMAN"), alleges upon information and belief as follows:

 1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201, *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

2.  At all times material hereto, Plaintiff PHOENIX was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at P.O. Box 211, Umdloti Beach 4350, Kwazulu-Natal, Republic of South Africa.

3.  At all times relevant hereto, Defendant BATEMAN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at P.O. Box 7737, Johannesburg 2000, Beyers Park, Boksburg, , Republic of South Africa.

4.  On or about March 25, 2008, Defendant BATEMAN, as merchant, entered into a firm booking note on the CONLINEBOOKING 2000 form with Plaintiff PHOENIX, as carrier, for the ocean transport of a cargo of 1,711 ftons of ball mill shells and accessories aboard the M/V COS PROSPERITY from Shanghai, China to Durban, South Africa.

5.  Under the terms of the contract, Defendant BATEMAN was obligated to pay freight at the agreed lumpsum rate upon loading of the cargo.

6.  In addition, under the terms of the contract, Defendant BATEMAN was obligated to tender a minimum of 1,700 ftons of cargo to the vessel when the vessel was ready to load and as fast as the vessel could receive the cargo.

7.  In the event BATEMAN failed to tender the cargo when the vessel was ready to load or failed to load as fast as the vessel could receive the cargo, the contract provided that PHOENIX was entitled to leave the port without further notice and BATEMAN was liable for deadfreight and/or any overtime charters, losses, costs and expenses incurred by PHOENIX.

8.  Plaintiff PHOENIX tendered the M/V COS PROSPERITY in ready condition to load the contemplated cargo at the port of Shanghai, and duly performed all of its duties under the terms of the contract.

9. In breach of the contract, BATEMAN failed to tender any cargo to the vessel and as such, is liable to PHOENIX for deadfreight in the amount of $253,674 (calculated at the rate of $149.22 per fton of cargo multiplied by the required minimum quantity of 1,700 ftons).

10. In further breach of the contract, and despite due demand, BATEMAN has failed and/or otherwise refused to pay any amounts owed for deadfreight to PHOENIX, and the entire amount of $253,674 remains unpaid and owing under the terms of the contract.

11. The contract provides for the application of English law and disputes between the parties to be resolved by arbitration in London, and PHOENIX specifically reserves its right to arbitrate the substantive matters at issue.

12. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff BELI's claim made or to be made in the London arbitration and under English law, as agreed by the parties. Arbitration has been commenced.

13. As a regular feature of English law, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the litigation, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

14. Plaintiff estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting their claims in London will be $125,000. Interest anticipated to be awarded is estimated to be $40,644.07 (calculated at the rate of 7.5% per annum compounded quarterly for a period of two years on the principle claim of $253,674, the estimated time for completion of the proceedings in London).

15. In all, the claim for which Plaintiff PHOENIX sues in this action, as near as presently may be estimated, totals $419,318.07, no part of which has been paid by Defendant BATEMAN, despite due demand. Plaintiff PHOENIX specifically reserves its right to amend

this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure PHOENIX.

### Request for Rule B Relief

16. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant BATEMAN ENGINEERED TECHNOLOGIES (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

17. The total amount sought to be attached pursuant to the above is **$419,318.07**.

WHEREFORE, Plaintiff PHOENIX SHIPPING CORPORATION prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$419,318.07** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of

Defendant BATEMAN ENGINEERED TECHNOLOGIES, including but not limited to ASSETS in its name and/or being transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       July 14, 2008

>           FREEHILL HOGAN & MAHAR, LLP
>           Attorneys for Plaintiff
>           PHOENIX SHIPPING CORPORATION
>
>           By: _____
>               Michael E. Unger (MU 0045)
>               80 Pine Street
>               New York, NY 10005
>               (212) 425-1900
>               (212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
14th day of July, 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/10